IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY DAWSEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22-cv-00676 |
| v. | ) | |
| | ) | |
| SWEDISH MATCH CIGARS, INC. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Kathy Dawsey (hereinafter "Ms. Dawsey" or "Plaintiff") and hereby files this Complaint against Swedish Match Cigars, Incorporated (hereinafter "Defendant" or "Swedish Match"), and states as follows:

### JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) *et seq.* (hereinafter "Title VII"), which provides for relief from race discrimination in employment and pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. §2201 and 2202. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 1981, against racial discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on September 9, 2022 ( No: 425-2022-01336). The foregoing charge of race discrimination was filed within 180 days of the occurrence of the last respective

discriminatory act. Plaintiff received her right to sue on September 13, 2022. Copies of the aforementioned EEOC Charge and Dismissal and Notice of Rights are attached hereto as Exhibit A.

3. The unlawful practices alleged herein were committed by Defendant in Houston County in the state of Alabama. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Kathy Dawsey, is an African American female over 40, citizen of the United States of America, is a resident of the state of Alabama at all times relevant to this action who was suspended and terminated from her position with the Defendant.

5. Defendant, Swedish Match Cigars, Incorporated, is an employer doing business in Houston County, AL and is subject to suit under 42 U.S.C. §2000(e) *et seq*. At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6. Ms. Dawsey began her employment with Defendant's predecessor company, General Cigar Co. at its Dothan location on July 17, 1995 as a production machine operator. Ms. Dawsey began a production lead from 1998 through 2005 with the Defendant. Machine operator until June 24, 2022, when she was suspended by Tonya Dyer who was the HR Manager who is a white female. Dyer called Ms. Dawsey on June 28, 2022 to inform Plaintiff that she was terminated after consulting with Jay Dykes, the plant manager, a white male. Ms. Dawsey received a termination letter a few days later which did not give a reason for the termination. The letter was signed my Tonya Dyer.

7. Plaintiff official duties with Defendant's job duties included watching cigars on the production line and take out the bad cigars; take offline count and check packs for correctness and they count and send to back of the plant for overwrapping packaging; inspect cigars and keep

area clean. Plaintiff was paid $16.20 plus twenty-five ($16.45 per hr.) when she worked the night shift.  There are approximately 100 people who perform the same or similar production job at the Dothan plant.

8. Ms. Dawsey received yearly evaluations and for the last evaluation received meets expectations and exceeds expectation for attendance. Ms. Dawsey had never been officially written up for disciplinary reasons and only received records of discussion related to another co-worker in 2019. Ms. Dawsey received bonuses every six months based on her production and attendance for the last 20 years and she never missed a bonus and received bonuses up to $1000.00.

9. On June 23, 2022 during Plaintiff's work shift, Shay Venable, a production lead/supervisor told the Plaintiff and co-workers that a machine broke down and to fill up the cigar buggies manually. Approximately 10 minutes later. James Porter, a lead mechanic, informed the Plaintiff and co-workers the machine cited by Ms Venable wasn't broken and Mr. Porter turned the machine on to continue regular production use. The Plaintiff commented to Mr. Porter, that it was "stupid" to have the buggies manually filled because it wasn't necessary as the machine wasn't broken. Ms, Venable overheard Plaintiff's comments and still instructed Plaintiff not to fill her cigar buggy in retaliation for overhearing the "stupid" comment. Plaintiff responded to Ms. Venable that she was not calling her stupid as Ms. Venable was visible angry. Ms. Venable then pushed Plaintiff's buggy to the back of the production facility. Ms. Venable later misrepresented the incident when she reported it to Amber Martin, a white female production manager.

10. When Dawsey came in the next day, June 24, 2022, Ms. Dyer, a white female Human Resource Manager informed the Plaintiff she was suspended pending the investigation. Four days later, on June 28, 2022, Ms. Dyer told the Plaintiff that Jay Dykes, a white male, and plant manager terminated Plaintiff due to the incident with Ms. Venable. Ms. Dyer talked with the following employees: Mamie Horne, black female Kendress Saffold, black female, Penny

3

Register, white female and Anson McElderberry, black male as witnesses to the encounter with Ms. Venable.

11. Penny Register, a white female co-employee and comparator, who performed the same job as a high-speed operator, was involved in a similar workplace incident with a supervisor in August of 2022 but was not suspended or terminated.

12. Plaintiff states that Mr. Heath (LNU), a white male production lead/supervisor was putting cigars in Ms. Register's buggy which upset Ms. Register. Ms. Register reportedly cursed Mr Register, saying, "I am tired of this shit, you do this shit every week," as Mr. Heath (LNU) continued to put cigars in her buggy. Heath (LNU) reported Penny Register to management regarding the encounter of insubordination and cursing. The Defendant investigated the encounter and spoke to the Plaintiff who was a witness to the encounter between Ms. Register and Heath (LNU). Ms. Dawsey confirmed the cursing encounter to the Defendant. However, the defendant failed to suspend or terminate Ms. Register, a white female under the same or similar circumstance as the termination of Ms. Dawsey.

13. As a direct result of the racial discrimination in violation of Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) et seq. (hereinafter "Title VII"), which provides for relief from race discrimination in employment and pursuant to 28 U.S.C. §§ 1331, 1343(4) Ms. Dawsey was caused to suffer personal and compensatory damages as a direct result thereof. Plaintiff has been out of work since the termination and is still looking for jobs.

14. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter, the "EEOC"), asserting that Defendant's treatment of her and the termination of her employment was deliberate indifference as the white employee, Ms. Register was treated more favorably under the same circumstanced that led the Defendant to suspend and

4

terminate the Plaintiff, Kathy Dawsey, in violation of Title VII of the Civil Rights Act of 1964 and 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. §2201 and 2202 and pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 1981, against racial discrimination.

## COUNT I—RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII of CIVIL RIGHTS ACT OF 1964

15. Defendant's termination of Plaintiff constituted disparate treatment with deliberate indifference based on Plaintiff's race, being African American whereby other Caucasian employees were treated more favorable in the same or similar circumstance in violation of the Civil Rights act of 1964, as amended.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## COUNT 11-VIOLATION OF 42 U.S.C. SECTION 1981

17. Plaintiff's race is African American.

18. Plaintiff was a duly trained and experienced employee and was qualified to hold his position with Defendant, which he had done for approximately 20 years prior to the unlawful termination.

19. Plaintiff's race was a motivating factor in Defendant's unlawful termination.

20. Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

21. Defendant, upon information and belief, has a habit and/or practice of discriminating against African Americans.

22. Defendant's illegal discriminatory and adverse actions injured the Plaintiff.

23. Plaintiff is now suffering loss of income and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

24. Defendant condoned and tolerated discrimination actions toward Plaintiff and other African Americans.

25. Defendant's actions were in violation of 42 U.S.C § 1981, by engaging in pernicious, intentional racial discrimination in contracting, which is illegal under § 1981. Section 1981 is broad, covering "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

## COUNT III-MENTAL SUFFERING AND EMOTIONAL DISTRESS

26. Due to the racially biased termination, Defendant's discriminatory actions caused Ms. Dawsey extreme mental suffering and emotional distress. The mental and emotional distress caused Ms. Dawsey to lose sleep, suffer severe headaches, loss of desire to socialize with family and friends, loss of enjoyment of life, embarrassment of losing a job she held for nearly 20 years, depression, anxiety, isolation, loss of desire to engage in sexual relationships. In other words, the wrongful discrimination consumed the Plaintiff, who due to the loss of income, had to borrow money to make ends meet that she would not have had to do but for the discrimination at the hands of the Defendant. Mental suffering and emotional distress are recoverable for discrimination when there is a casual connection. See *Marshall v. Springfield Poultry Farm, Inc*. 445 F. Supp 2 (M.D. Pa. 1977) and *Kilpatrick v. Delaware County Society for the Prevention of Cruelty to Animals*, 632 F. Supp. 542 U.S. District Ct. E.D. (1986) and *Tose v. First Pennsylvania Bank, N.A*., 648 F.2d. 879, 898 (3rd Cir) and 454 U.S. 893, 102, S. Ct. 390, 70 L. Ed.2d 208 (1981).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII and 42 U.S.C. Section 1981 of the Civil Rights Act of 1866.

b. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII and Section 1981.

c. Enter an Order requiring Defendant to make Plaintiff whole by awarding her the position she lost due to race discrimination, back pay (plus interest), front pay, lost seniority, lost benefits, all compensatory and punitive damages.

d. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, and award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

Respectfully submitted this 21st day of November 2022.

**s/REGINALD D. MCDANIEL (MCD061)**
Alabama Bar No. ASB-7676-L73M
Attorney for the Plaintiff
Reginald D. McDaniel, Attorney at Law, LLC
1211 W. Main St.
Dothan, AL 35203
205.433.6133 (P)
205.222.8656 (C)
888.357.8447 (F)
rdm@reginaldmcdaniel.com

Of Counsel

Rodney Davis (DAV219)
Law Office of Rodney Davis, PLLC
4625 Valleydale Rd
Birmingham, AL 35242
205.578.1597 (P)
205.784.1994 (F)
rdavis@rdavislawoffice.com

**PLAINTIFF DEMANDS TRIAL BY JURY**